UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BILL OSTRANDER,

        Petitioner,               Case Number 2:15-cv-10374
                                             Honorable Patrick J. Duggan

v.

SHERRY BURT,

        Respondent.
_____/

## ORDER DENYING WITHOUT PREJUDICE PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL

On January 26, 2015, Petitioner Bill Ostrander, a state prisoner, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging that he is incarcerated in violation of his constitutional rights. Pending before the Court is Petitioner's motion for appointment of counsel. For the reasons set forth below, the Court will deny the motion without prejudice.

The constitutional right to counsel in criminal proceedings provided by the Sixth Amendment does not apply to an application for writ of habeas corpus, which is a civil proceeding. *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002). Thus, Petitioner has no absolute right to appointment of counsel on collateral review of his conviction. *Pennsylvania v. Finley*, 481 U.S. 551, 555, 107 S. Ct. 1990, 1993 (1987)

("[O]ur cases establish that the right to appointed counsel extends to the first appeal of right, and no further."). The Court does, however, retain broad discretion in determining whether counsel should be appointed. *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987) (citation omitted). A habeas petitioner may obtain representation at any stage of the case "[w]henever the United States magistrate or the court determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B).

Petitioner contends that the appointment of counsel is warranted in this case because the "claims are legally and factually complex." Further, the claims may require an evidentiary hearing. While the Court will not weigh in on the merits of these contentions, the Court does note that Respondent has not yet filed its Response to the habeas petition or the pertinent state court record (the Rule 5 materials), and indeed is not expected to file such materials until August 4, 2015. Once the Court has had the opportunity to review the underlying petition, as well as the materials submitted by Respondent, the Court will determine whether an evidentiary hearing or the appointment of counsel is necessary. While the Court cannot conclude that the interests of justice mandate the appointment of counsel at this juncture, neither can the Court definitively conclude otherwise. Thus, if the Court deems the appointment of counsel necessary upon review of the pleadings, the Court will do so at that time. Petitioner, therefore, need not file any further motions regarding his request for the

appointment of counsel.

Accordingly,

**IT IS ORDERED** that Petitioner's motion for appointment of counsel is

**DENIED WITHOUT PREJUDICE.**

Dated: February 20, 2015

                                               s/PATRICK J. DUGGAN
                                               UNITED STATES DISTRICT JUDGE

Copies to:

**Bill Ostrander**, 191333
MUSKEGON CORRECTIONAL FACILITY
2400 S. SHERIDAN
MUSKEGON, MI 49442